UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

YVONNE ROBERTS,

                Plaintiff,

- against -

COOPERATIEVE CENTRALE RAIFFEISEN-
BOEREN LEENBANK B.A., et al.,

                Defendants.

------

09 Civ. 5271 (JGK)

MEMORANDUM OPINION
AND ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-5-10

JOHN G. KOELTL, District Judge:

    The plaintiff, Yvonne Roberts, filed this motion for leave to amend her Complaint in order to withdraw a breach of contract claim without prejudice and to make other minor changes to her Complaint. The defendants, Cooperatieve Centrale Raiffeisen-Boeren Leenbank B.A., Rabobank Nederland New York Branch ("Rabobank"), and William R. Mansfield, oppose the motion and argue that the breach of contract claim should be withdrawn with prejudice. The defendants also move for costs and fees.

    Generally, a plaintiff seeking to withdraw certain claims, but not all claims, against a defendant should do so pursuant to Rule 15 instead of pursuant to Rule 41, which allows for the plaintiff to dismiss "an action." See Vogel v. Am. Kiosk Mgmt., 371 F. Supp. 2d 122, 129 (D. Conn. 2005); see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2362 (3d ed. 2008). In any event, the Court of Appeals for the Second Circuit has indicated that the choice of Rules is

irrelevant because the same standard of review applies. Wakefield v. N. Telecom, Inc., 769 F.2d 109, 114 & n.4 (2d Cir. 1985).

Rule 15(a)(2) provides that leave to amend a pleading shall be "freely give[n] when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962); Nerney v. Valente & Sons Repair Shop, 66 F.3d 25, 28 (2d Cir. 1995). Generally, the "grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Sanders v. Venture Stores, Inc., 56 F.3d 771, 773 (7th Cir. 1995) (quoting Zenith Radio Corp. v. Hazeltime Research, Inc., 401 U.S. 321, 330 (1971)). Undue delay, undue prejudice to the opposing party, and futility of the amendment are among the reasons to deny leave to amend. See Foman, 371 U.S. at 182; see also Rodriguez v. Am. Friends of Hebrew Univ., Inc., No. 96 Civ. 240, 1999 WL 493369, at *1 (S.D.N.Y. July 12, 1999).

In this case, there is no reason to deny the plaintiff leave to amend, and there is no reason to attach a condition that the plaintiff's claim must be withdrawn with prejudice. The plaintiff explains that she moved to withdraw her breach of contract claim as soon as she became aware, through discovery, that she may not be owed money under her contract with defendant Rabobank. (McGrath Aff. Ex. C.) The request to withdraw the claim was first made to the defendants five months after the

filing of the Complaint (McGrath Aff. Exs. A, C) and does not constitute undue delay. In any event, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). The defendants' argument that they will be forced to expend additional legal resources on filing an Answer to the Amended Complaint does not amount to undue prejudice requiring that the plaintiff should be forced to withdraw her claim with prejudice. See Eastman Mach. Co. v. Diamond Needle Corp., No. 99 Civ. 450, 2000 WL 1887827, at *3 (W.D.N.Y. Dec. 18, 2000); see also D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996) ("[S]tarting a litigation all over again does not constitute legal prejudice."). It should be noted that the cost and expense of this motion and the need to file an Answer could have been obviated by cooperation among the parties and an appropriate stipulation.[1] Therefore, the plaintiff's motion for leave to amend her complaint should be granted, without the condition that her claim be withdrawn with prejudice.

---

[1] This is not a case where the plaintiff sought to dismiss a claim at trial. See Wakefield, 769 F.2d at 115. No final pre-trial order has been entered in this case and the case is not yet ready for trial; indeed discovery is only scheduled to be completed by March 12, 2010. The defendants have not claimed any prejudice other than the need to file an Answer to the Amended Complaint. There is no showing of vexatiousness by the plaintiff, and there is no basis to dispute the plaintiff's explanation that she sought to withdraw her claim when, in the course of discovery, she determined that it should not be pursued. See generally id.

3

The defendants also seek costs and fees associated with opposing this motion. That application is denied. The defendants make no argument in support of an award of costs and fees and there are no facts to justify it. The Court suggests that unnecessary costs and expenses can be avoided through cooperation.

## CONCLUSION

For the reasons stated above, the plaintiff's motion for leave to amend the Complaint is **granted** without any condition that the withdrawal of the breach of contract claim be made with prejudice. The defendants' motion for costs is **denied**. The Clerk is directed to close Docket No. 13.

**SO ORDERED.**

Dated: New York, New York
January 4, 2010

/s/ John G. Koeltl
John G. Koeltl
United States District Judge