UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/10

YVONNE ROBERTS,

                Plaintiff,

    -against-

COÖPERATIEVE CENTRALE RAIFFEISEN
BOERENLEENBANK B.A., "RABOBANK
NEDERLAND," NEW YORK BRANCH, and
WILLIAM R. MANSFIELD,

                Defendants.
------------------------------------------------------------------X

09 Civ. 5271 (JGK) (DF)

**PROTECTIVE ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

    The parties to this action ("Parties") having largely negotiated the terms of a confidentiality stipulation and proposed order to protect against the unrestricted disclosure of certain discoverable information constituting (a) employee personnel files, (b) the proprietary and non-public customer information of defendant Coöperatieve Centrale Raiffeisen Boerenleenbank B.A., Rabobank Nederland, New York Branch ("Rabobank"), and (c) the personal medical and financial information of plaintiff Yvonne Roberts ("Plaintiff"); but the Parties being unable to agree to all of the terms of an agreement and proposed order; and this Court having directed the Parties to submit their disputed language to the Court; and the Parties having done so; and the Court having considered the Parties' respective proposals; and finding good cause for the issuance of a confidentiality order in this case; it is hereby ORDERED, pursuant to Fed. R. Civ. P. Rule 26(c), as follows:

    1.    This Protective Order, requested by Defendants, governs the handling of all information contained in documents, deposition testimony, deposition exhibits, answers to

interrogatories, requests for admissions, trial testimony and other written, recorded or graphic matter ("Discovery Materials") produced by any Party or non-party ("Producing Person") during the proceedings in this action which are "Confidential Information" as described in Paragraph 2 of this Order.

2. The term "Confidential Information" shall include Discovery Materials that are or contain personnel files, Rabobank's proprietary and non-public customer information, and Plaintiff's personal medical and personal financial information. The Parties may, without further order of the Court, stipulate to other categories of Discovery Materials that they believe, in good faith, should be subject to confidentiality protection, in which case such additional categories of Discovery Materials shall also be covered by this Protective Order. All deposition transcripts shall be deemed Confidential Information for ten (10) days following the receipt of the transcript to afford the Parties the opportunity to designate the transcript of portions thereof as Confidential Information. As used herein, no information is Confidential Information if that information is in the public domain, or identical copies of such information are otherwise in the possession of the non-producing Party.

3. Any Producing Person may designate Discovery Materials that contain Confidential Information as "Confidential Materials" (together with the Confidential Information, hereinafter referred to as the "Confidential Information or Materials") by: (a) stamping each page containing Confidential Information with the legend "Confidential" before that page is produced; or (b) by separate written notification of such designation, no later than ten (10) days after disclosure of the Discovery Materials by the Producing Person.

4. Plaintiff may designate Discovery Materials from her personnel file which contain personal and confidential information regarding Plaintiff as "Confidential Information or

Materials' by stamping each page containing Confidential Information with the legend "Confidential."

5. Confidential Information or Materials will be used by the recipient solely in connection with the instant litigation, and will not be used by the recipient, directly or indirectly, for any business, competitive, personal, private public or other purpose whatsoever other than in connection with the instant litigation, except that Plaintiff may use, without restriction, any personal medical information or any personal financial information regarding Plaintiff, provided such financial information does not reveal or relate to particular customers of Rabobank.

6. Confidential Information or Materials will not be given, shown, made available, communicated or otherwise disclosed to anyone other than: (a) the Court and Court personnel; (b) the jury; (c) counsel of record for the Parties and all personnel of such counsel; (d) Parties and officers and employees of defendant Rabobank who are employed by Rabobank at the time of the disclosure to such person; (e) any non-party who authored or received, prior to commencement of this action, the Confidential Information sought to be disclosed to that person(s).

7. Any expert consulted or retained by the Parties for purposes relating to this litigation and any non-party witness or deponent in this action may view Confidential Information or Materials, provided that he or she first signs the certificate in the form attached hereto as Exhibit A (the "Joinder Certificate"). However, Confidential Information or Materials may be disclosed to anyone: (a) with prior written approval of the Producing Person or the Producing Person's counsel; (b) upon further order of the Court after notice to all Parties; or (c) as required by law and/or any regulatory agency. Nothing in this Protective Order shall be deemed to require any Party to violate any other court order or applicable law or regulation.

8. In the event any Party, or any non-party signatory to the Joinder Certificate, who has received Confidential Information or Materials from a Producing Person in this case, and who would not otherwise have access to such information or materials, receives a subpoena or other compulsory process demanding the production of such Confidential Information or Materials, that Party or non-party shall provide the Producing Person with reasonable notice of the subpoena or other compulsory process prior to the time the production of the Confidential Information or Materials is required, so that the Producing Person or his or her counsel has sufficient time prior to the disclosure of the Confidential Information or Materials to move for an appropriate protective order. For purposes of this paragraph, notice to Rabobank shall be sent to the attention of Rabobank's General Counsel.

9. If any Party wishes to file with the Court any paper that incorporates Confidential Information or Materials or reveals the contents thereof, the filed paper shall be redacted so as to omit the Confidential Information or Materials. In addition, an unredacted copy of the paper shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

> **CONFIDENTIAL**
> This envelope contains documents or information designated
> confidential pursuant to a Protective Order entered by the United
> States District Court, the Southern District of New York, on
> April 19, 2010, in the above-captioned action. This envelope shall
> not be opened or unsealed without the express direction of a judge
> of this Court, and its contents shall not be displayed or revealed
> except as the Court may order. This envelope and its contents
> shall at all times be maintained separate and apart from the
> publicly available files of this case.

Any document required to be filed under seal pursuant to this paragraph shall also bear the legend "FILED UNDER SEAL" in the upper right-hand corner of the cover page of the

document. Notwithstanding the foregoing, the Parties may submit Confidential Information or Materials, unredacted and not under seal, to the Court for *in camera* review.

10.     If any Party wants to designate any Confidential Information or Materials as "For Attorneys' Eyes Only," meaning that only counsel for the Parties may view the document and the document may not be disclosed to anyone other than counsel for the Parties, that Party will describe the document to counsel for the other Party in writing. If counsel for the other Party does not agree that the document should be so designated, the burden shall be on the designating Party to promptly present the document to the Court, on notice to the other Party, for a ruling.

11.     Notwithstanding anything herein, or otherwise, any Party to this action may object at any time during the pendency of the instant litigation to the designation of any Discovery Material as "Confidential." The objection shall be made in writing to counsel for the Party, or non-party, that produced the purported Confidential Information or Material. A prompt attempt shall be made to confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by prompt agreement, the objecting Party shall, as soon as practicable, seek a conference with the Court and/or move the Court to resolve the dispute. In the event of such a dispute, all materials whose designation is so objected to shall continue to be treated as Confidential Information or Materials until the Court rules to the contrary or the Parties resolve the dispute regarding the designation of the material.

12.     A Party may, subject to the rules of evidence and further orders of the Court, use any Confidential Information or Materials for any purpose at trial or at any hearing before a judicial officer in this civil action, provided that reasonable notice is given to counsel for the Producing Person, such that counsel for the Producing Person is given sufficient time prior to the

disclosure of the Confidential Information or Materials to move before the trial or hearing judge for any appropriate protective order.

13. The provisions of this Protective Order shall, absent written permission of the Producing Person or order of the Court, continue to be binding after the conclusion of this action.

14. Within thirty (30) days of the termination of the instant litigation, by entry of a judgment that has become non-appealable, by an order of dismissal, or otherwise, the non-producing Party or non-party shall return to the Producing Person or its counsel all Confidential Materials and shall not thereafter use or disclose any copies, excerpts or summaries thereof, except that Plaintiff may use and disclose, without restriction, any personal medical or personal financial information as explained above.

15. Federal Rule of Evidence 502 shall govern the claimed inadvertent production of any Discovery Material which the Producing Person claims is protected from disclosure by the attorney-client privilege, any work product doctrine or any other applicable privilege or immunity. The inadvertent production of any document protected by an otherwise valid claim of privilege shall not constitute a waiver of privilege or any other ground for objection with respect to such document or any other document, or with respect to the subject matter thereof, or with respect to the information contained therein, nor shall inadvertent production waive any right to object to the use of any such document or the information contained therein during any subsequent proceeding. Upon notification that such disclosure was inadvertent, the Discovery Material and any copies thereof shall be returned to the Producing Person as soon as possible. In addition, nothing contained in this Protective Oder shall affect the right of a Producing Person to make any other type of objection, claim or other response to discovery requests.

Notwithstanding anything herein, or otherwise, the Party receiving the information reserves all rights to contest the Producing Person's claim of privilege or other doctrine protecting the information from disclosure. In the event of a dispute over the privileged or otherwise protected nature of any Discovery Materials, such Discovery Materials shall be treated as privileged or subject to the work product doctrine or any other applicable privilege or doctrine until the Court rules to the contrary or the Parties resolve the dispute.

16. The limitations contained in this Protective Order shall not affect the Parties' right in the future to seek the Court's permission to designate for confidential treatment any discovery materials that do not fall within the scope of this Order, provided that the Party seeking confidential treatment first attempts to resolve promptly any dispute with the other Party prior to seeking judicial relief.

Dated: New York, New York
April 19, 2010

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
YVONNE ROBERTS,                                                   :
                                                                  :
                              Plaintiff,                          :   09 Civ. 5271 (JGK) (DF)
                                                                  :
            -against-                                             :
                                                                  :
COÖPERATIEVE CENTRALE RAIFFEISEN                                  :
BOERENLEENBANK B.A., "RABOBANK                                    :
NEDERLAND," NEW YORK BRANCE, and                                  :
WILLIAM R. MANSFIELD,                                             :
                                                                  :
                              Defendants.                         :
------------------------------------------------------------------X

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY ORDER**

I have read and am familiar with the terms of the Protective Order, dated April 19, 2010, governing the disclosure of confidential information in the above-captioned action, and I agree to abide by all the terms of that Protective Order and not to give, reveal, make available or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of that Order, and to return all documents and information in accordance with that Order. I agree not to make use of any information or material obtained pursuant to the Protective Order other than for purposes of this litigation. I further agree that I will be subject to the jurisdiction of the United States District Court for the Southern District of New York in enforcing the Protective Order.

　　　　　　　　　　Signature      _____

　　　　　　　　　　Printed Name   _____

　　　　　　　　　　Date           _____